UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERMAINE SMITH, | : | |
| | : | Civil No. 14-5997 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

*Pro se* Petitioner, Jermaine Smith, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254.  Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014).  Additionally, Petitioner did not pay the $5.00 filing fee nor did he submit a complete application to proceed *in forma pauperis*.  Accordingly, this matter will be administratively terminated.

Therefore, IT IS on this  7th  day of  October,  2014,

ORDERED that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v.*

*Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, New Jersey, 08101, within thirty (30) days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and either the $5.00 filing fee or a complete application to proceed *in forma pauperis* by a prisoner in a habeas corpus case; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, a complete signed petition and either the filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve upon Petitioner by regular U.S. mail: (1) a copy of this Memorandum and Order; (2) a blank habeas petition form—AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014); and (3) a blank application to proceed *in forma pauperis* by a prisoner in a habeas corpus case.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge