UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JERMAINE SMITH,                            :
                                           :
            Petitioner,                    :       Civ. No. 14-5997 (RBK)
                                           :
      v.                                   :       **MEMORANDUM AND ORDER**
                                           :
STATE OF NEW JERSEY,                       :
                                           :
            Respondent.                    :
_____:

Petitioner is a state prisoner proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 5, 2014, the Court sent petitioner a notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). The notice gave petitioner thirty days in which to inform the Court whether he wished to have his pending amended § 2254 habeas petition considered as his one and only complete § 2254 habeas petition or withdraw his pending amended petition in order to file a complete petition at a later time provided the petition is filed within the one-year statute of limitations in 28 U.S.C. § 2244(d). The December 5, 2014 Order also instructed petitioner that if he did not respond to the Order within thirty days, his pending amended petition would be considered his one and only complete § 2254 habeas petition. More than thirty days have elapsed and petitioner has not responded to the December 5, 2014 Order. Therefore, the pending amended petition will be considered petitioner's one and only complete § 2254 petition.

Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein. Upon screening the petition, the Court has determined that dismissal of the petition without an answer and the record is not warranted. *See* Rule 4 of Rules Governing 28 U.S.C. § 2254 Cases. Petitioner names the State of New Jersey as the respondent

1

in his amended habeas petition.  However, the proper respondent in this case is the custodian of petitioner, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), Stephen D'Ilio, who is the administrator of the New Jersey State Prison where petitioner is incarcerated.  The Clerk will be ordered to replace him as the respondent in this case.

Accordingly, IT IS on this  15th  day of  January,   2015,

ORDERED that petitioner's application to proceed *in forma pauperis* is granted; and it is further

ORDERED that the Clerk shall replace the State of New Jersey with Stephen D'Ilio as the respondent in this case; and it is further

ORDERED that the Clerk shall serve a copy of the amended habeas petition (Dkt. No. 8.) and this Order on respondent D'Ilio and the Attorney General for the State of New Jersey by certified mail, return receipt requested, with all costs of service advanced by the United States, and it is further

ORDERED that respondent D'Ilio shall file a full and complete answer to the amended habeas petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that respondent D'Ilio's answer shall address the allegations and grounds of the amended habeas petition, and shall adhere to the requirements of Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed; and it is further

ORDERED that respondent D'Ilio shall attach to the answer parts of the transcript that he considers relevant and, if a transcript cannot be obtained, respondent D'Ilio may submit a

narrative summary of the evidence, *see* Rule 5(c) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that respondent D'Ilio shall file with the answer a copy of: (1) any brief that petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders relating to the conviction or the sentence, *see* Rule 5(d) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that respondent D'Ilio shall file the answer, the index of exhibits, and the exhibits electronically; and it is further

ORDERED that respondent D'Ilio shall serve the answer, the index of exhibits, and the exhibits upon petitioner, *see* Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; FED. R. CIV. P. 10(c); *Sixta v. Thaler*, 615 F.3d 569, 569 (5th Cir. 2010); *Thompson v. Greene*, 427 F.3d 263, 269 (4th Cir. 2005); *Pindale v. Nunn*, 248 F. Supp. 2d 361, 367 (D.N.J. 2003); and it is further

ORDERED that petitioner may file and serve a reply to the answer within forty-five (45) days of petitioner's receipt of same, *see* Rule 5(e) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that within seven (7) days of petitioner's release, be it on parole or otherwise, respondent D'Ilio shall electronically file a written notice of same with the Clerk; and it is finally

ORDERED that the Clerk shall serve this Memorandum and Order on petitioner by regular U.S. mail.

<u>s/Robert B. Kugler</u><br>
ROBERT B. KUGLER<br>
United States District Judge