```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JERMAINE SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>STEPHEN D'ILIO, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-5997 (JBS)<br><br>**OPINION** |

APPEARANCES:

JERMAINE SMITH
557093
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Petitioner Pro Se

LINDA A. SHASHOUA, ESQ.
Camden County Prosecutor's Office
Appeals Unit
25 North Fifth Street
Camden, NJ 08102
    Attorney for Respondents

**SIMANDLE, Judge:**

**I.    INTRODUCTION**

Before the Court is Petitioner Jermaine Smith's ("Petitioner") amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Amended Petition, Docket Entry 8). Petitioner challenges the August 1, 2006, judgment of conviction sentencing him to twenty-eight years with an eighty-five percent period of parole ineligibility. Respondents filed a

Response to the Amended Petition, denying Petitioner's claims for relief and raising certain affirmative defenses. For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

## II. BACKGROUND

On May 25, 2006, a Camden County jury convicted Petitioner of carjacking, N.J. STAT. ANN. § 2C:15-2, and robbery, N.J. STAT. ANN. § 2C:15-1. (Docket Entry 19-4 at p. 1). The trial court merged the robbery count into the carjacking count for sentencing purposes and sentenced Petitioner to a term of twenty-eight years with an eighty-five percent period of parole ineligibility. (*Id.* at 4.). Petitioner filed a timely appeal with the New Jersey Superior Court Appellate Division. (Docket Entry 19-5); *State v. Smith*, No. A-5972-05T4, (N.J. Super. Ct. App. Div. Dec. 18, 2007) (*See* Docket Entry 19-9). The Appellate Division affirmed Petitioner's conviction and sentence. *Id.* The Supreme Court of New Jersey denied Petitioner's petition for certification on April 3, 2008. *State v. Smith*, 949 A.2d 847 (N.J. 2008).

Petitioner filed a petition for post-conviction relief ("PCR") on May 29, 2009. (Docket Entry 19-16). The trial court denied the petition on October 19, 2011. (Docket Entry 19-19). Petitioner appealed and the Appellate Division affirmed the trial court's denial on December 6, 2013. (Docket Entry 19-14);

*State v. Smith*, No. A-2851-11T4, 2013 WL 6331708 (N.J. Super. Ct. App. Div. Dec. 6, 2013). The New Jersey Supreme Court denied certification on June 23, 2014. *State v. Smith*, 94 A.3d 910 (N.J. 2014).

Petitioner filed his original habeas petition on September 24, 2014. On October 10, 2014, the Court administratively terminated this action because Petitioner failed to file his petition on the proper form and because Petitioner had not paid the filing fee or submitted an application to proceed *in forma pauperis*. (Docket Entry 2). Petitioner filed an amended petition on November 7, 2014. (Docket Entry 8). In his Amended Petition, Petitioner argues he was deprived of his rights to effective assistance of counsel and due process of law. After screening the Petition, the Court ordered respondents to file an answer. (Docket Entry 10). Respondents answered the Petition on July 6, 2015. Respondents asserted, among other things, that the Petition was time-barred pursuant to 28 U.S.C. § 2244.

On August 4, 2015, Petitioner moved for an extension of time to file a traverse. (Docket Entry 21). On August 10, 2015, this Court granted the motion and ordered Petitioner to file his reply no later than September 14, 2015. (Docket Entry 22). Despite having been granted the extension, Petitioner did not file a traverse and did not make any further requests for additional time to do so.

3

## III. DISCUSSION

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Respondents argue that Petitioner's habeas petition is untimely because it was filed after the expiration of the statute of limitations. The Supreme Court of New Jersey denied certification of Petitioner's direct appeal on April 3, 2008. A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 419 (3d Cir. 2000). Petitioner's judgment therefore became final on July 2, 2008, ninety days after the New Jersey Supreme Court denied certification.

Though the statute of limitations is tolled during the time in which a properly filed petition for post-conviction relief is pending, the filing of such a petition does not reset the limitations time period. *Johnson v. Hendricks*, 314 F.3d 159, 161–62 (3d Cir. 2002). Petitioner filed his PCR petition on May 29, 2009, 331 days after his conviction became final. The limitations period began to run again on June 23, 2014, when the Supreme Court of New Jersey denied certification of Petitioner's PCR appeal.[1] At that time, Petitioner had thirty-four days

---

[1] Unlike direct appeals, the ninety-day period in which a petitioner may seek certiorari from the United States Supreme Court regarding a state court PCR decision does not toll the

5

remaining in which to timely file a petition for habeas relief, or, until July 28, 2014.[2] Petitioner filed his original petition on September 24, 2014, fifty-eight days after the statute of limitations had expired.[3]

Thus, the petition must be dismissed as untimely unless there is a basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears

---

AEDPA statute of limitations. *See Stokes v. District Attorney of Cnty. Of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).
[2] The thirty-fourth day after June 23, 2014, was Sunday, July 27, 2014. The limitations period therefore ended on Monday, July 28, 2014.
[3] Petitioner signed his original petition on September 18, 2014. Even giving Petitioner the benefit of the "prisoner mailbox rule" and deeming his petition as having been filed on that date, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the petition is still untimely.

Petitioner also stated in his original filing that he attempted to file his petition on time but that the prison returned it to him because he had insufficient funds in his prison account. (*See* Docket Entry 1 at 1). According to the documentation Petitioner submitted as evidence of this attempt, Petitioner first sought to send his petition on August 21, 2014. (*See id.* at 3-5). Even if the Court were to deem this attempt as the filing date, Petitioner's attempted filing at that time also would have occurred after the statute of limitations expired.

the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

Petitioner has not demonstrated that he pursued his rights diligently or that extraordinary circumstances prevented him from filing a timely habeas petition. Respondents fully briefed the issue of timeliness in their response to the Petition. Petitioner acknowledged receipt of the Response in his Motion for an Extension of Time to file a traverse and specifically referenced Respondents' arguments regarding "procedural bars." (Docket Entry 21 at 3). The Court granted Petitioner's motion and afforded him additional time to file his traverse on August 10, 2015. (Docket Entry 22). However, Petitioner did not file a traverse and has made no further requests to do so in order to

the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

Petitioner has not demonstrated that he pursued his rights diligently or that extraordinary circumstances prevented him from filing a timely habeas petition. Respondents fully briefed the issue of timeliness in their response to the Petition. Petitioner acknowledged receipt of the Response in his Motion for an Extension of Time to file a traverse and specifically referenced Respondents' arguments regarding "procedural bars." (Docket Entry 21 at 3). The Court granted Petitioner's motion and afforded him additional time to file his traverse on August 10, 2015. (Docket Entry 22). However, Petitioner did not file a traverse and has made no further requests to do so in order to

respond to and address Respondents' timeliness arguments. Because Petitioner has made no arguments and no showing that there was an obstacle beyond Petitioner's control that necessarily prevented him from filing a timely petition, there is no basis for equitable tolling. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (noting district courts "should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." (internal citations and quotation marks omitted) (alteration in original)). The petition must therefore be dismissed as untimely.

**C. Certificate of Appealability**

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**V. CONCLUSION**

For the reasons state above, the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of appealability shall issue.

An accompanying Order will be entered.

**February 6, 2018**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge